ALONZO MOREFIELD, JR.,                    :

          Plaintiff,                          :

        v.                                      :          CIVIL ACTION NO.:CV607-073

                      :

LARRY BREWTON; STEPHEN UPTON;             :
JOHN PAUL; LISA WATERS, and               :
DANETTE GORE,                             :

          Defendants.                         :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Alonzo Morefield ("Plaintiff"), who is currently incarcerated at Hays State Prison in Trion, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement at Georgia State Prison ("GSP") in Reidsville, Georgia. Defendants filed a Motion to Dismiss, and Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff asserts he was housed in the premier housing unit at GSP for almost four (4) years before he was moved to another housing unit. Plaintiff asserts this new housing unit contained cells with bars on the doors (as opposed to the steel doors in the premier housing unit) and that there was tobacco smoke in the air at all times. Plaintiff contends nearly all of the inmates housed in this new unit were smokers, and that the smoke and other fumes remained on the top floor of this unit, which is where his cell

was. Plaintiff alleges his exposure to the second hand smoke caused sleep deprivation, coughing, burning eyes, and breathing difficulties. Plaintiff also alleges he has hypertension and chronic allergy and sinus problems and that these conditions became worse due to his exposure to the second hand smoke. Plaintiff avers he informed Defendants Larry Brewton, Stephen Upton, John Paul, and Lisa Waters of the problems he was experiencing because of his exposure to the second hand smoke, but Defendants did nothing in response. Plaintiff contends Defendants did nothing to help him because he has filed lawsuits against several members of the staff at GSP, including Defendants Upton and Paul. Plaintiff also contends Danette Gore, a nurse at GSP, knew of his health problems but did not address his health services requests.

Defendants assert Plaintiff's Complaint should be dismissed because he had accumulated three strikes within the meaning of 42 U.S.C. § 1983 prior to filing this cause of action. Defendants also assert they were not deliberately indifferent to any of Plaintiff's alleged serious medical needs. Defendants contend Plaintiff's allegations against them are barred under vicarious liability. Defendants also contend Plaintiff's retaliation claims are without merit. Finally, Defendants contend they are immune from suit based on qualified immunity.

## STANDARD OF REVIEW

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v.

<u>Twombly</u>, 550 U.S. ___, 127 S. Ct. 1955, 1969 (2007)[1]. In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002). When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." <u>Little v. City of North Miami</u>, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. <u>Ancata v. Prison Health Services, Inc.</u>, 769 F.2d 700, 703 (11th Cir. 1985) (quoting <u>Quality Foods de Centro America, S.A. v. America Agribusiness Devel.</u>, 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer and will be construed liberally. <u>Ghee v. Retailers Nat'l Bank</u>, 271 F. App'x 858, 861 (11th Cir. 2008) (quoting <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)). A plaintiff generally is safeguarded by a presumption that the allegations in his complaint are true when a defendant files a Rule 12(b)(6) motion to dismiss. <u>Barnett v. Okeechobee Hosp.</u>, 283 F.3d 1232, 1237 (11th Cir. 2002).

## DISCUSSION AND CITATION TO AUTHORITY

### I.   Three Strikes Provision

Defendants contend Plaintiff has three strikes under § 1915(g) and should not be allowed to proceed with this action without prepaying the full filing fee. According to Defendants, the three (3) causes of action or appeals which have been dismissed and count as strikes are: 1) <u>Morefield v. United States</u>, 1:05CV02126-RLV (dismissed for

---

[1] In <u>Twombly</u>, the Supreme Court "retired" the "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), and noted that, while "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff is obliged to "provide the grounds of his entitlement to relief", which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" 550 U.S. at ___, 127 S. Ct. at 1264-65.

failure to state a claim); 2) <u>Morefield v. Brown</u>, 1:06CV3018-RLV (dismissed as duplicative); and 3) <u>Morefield v. Brown</u>, 07-10644-A (appeal dismissed for want of prosecution). Defendants aver this Court has determined already Plaintiff is not imminent danger of serious physical harm exception to the three strikes provision when it denied his request for injunctive relief.

Plaintiff asserts he only has one (1) strike under section 1915(g), which stems from the dismissal of his complaint in Case Number 1:05CV02126-RLV. Plaintiff objects to Defendants' characterization of the dismissals of his other cause of action and appeal as strikes under section 1915(g).

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." <u>Rivera v. Allin</u>, 144 F.3d 719, 723 (11th Cir. 1998).

A review of the history of Plaintiff's filings reveals he has only one (1) case which qualifies as a "strike" under § 1915(g), <u>Morefield v. United States</u>, 1:05CV02126-RLV, which was dismissed for failure to state a claim. (Defs.' Ex. A). The other two cases Defendants assert are strikes under section 1915(g) are not. <u>Morefield v. Brown</u>,

1:06CV3018-RLV, was dismissed as being duplicative of Plaintiff's cause of action in Morefield v. United States. (Defs.' Ex. B). Though implicit in the Honorable Robert L. Vining, Jr.'s, order, Judge Vining did not explicitly dismiss Plaintiff's complaint in Brown because he found it frivolous, malicious, or failed to state a claim upon which relief may be granted. The undersigned cannot agree the dismissal of the Brown complaint constitutes a strike. In addition, Plaintiff's appeal in the Brown case, 07-10644-A, was dismissed for want of prosecution due to Plaintiff's failure to pay the $455.00 filing fee. (Defs.' Ex. C). The Eleventh Circuit Court of Appeals has approved of the counting as a strike for section 1915(g) purposes the dismissal of a plaintiff's complaint for failure to prosecute. However, the Eleventh Circuit did so based on the plaintiff's failure to follow a court's local rule stemming from his frivolous response to the district court's order to show cause why his case should not be dismissed for failure to prosecute and failure to serve process. Allen v. Clark, 266 F. App'x 815, 816 (11th Cir. 2008). The dismissal of Plaintiff's appeal for want of prosecution due to his failure to pay his appellate filing fee does not present the same situation as the facts underlying Allen.

The undersigned was unable to find any relevant authority which supports Defendants' reading of § 1915(g), nor has Defendant provided the Court with the same, to determine Plaintiff obtained three (3) strikes prior to filing this cause of action. Additionally, if the Court were inclined to agree with Defendants that Plaintiff has accumulated three strikes, it could not agree with Defendants' assertion that this Court already has determined Plaintiff fails to satisfy the imminent danger exception. In denying Plaintiff's request for injunctive relief, this Court merely found Plaintiff could not meet the requirements of obtaining such relief. This in no way indicates Plaintiff could

not meet the imminent danger requirement, if such allegations were necessary for Plaintiff to assert.

## II.    Deliberate Indifference Claim

Defendants contend Plaintiff cannot demonstrate that they acted with a sufficiently culpable state of mind to sustain his Eighth Amendment claims regarding his alleged exposure to environmental tobacco smoke ("ETS"). Defendants assert Plaintiff did not complain about the inhalation of smoke during his four-year confinement in the premier unit, yet, upon his transfer to another unit at GSP, he alleges Defendants were deliberately indifferent to his exposure to ETS in such a way that it aggravated numerous health ailments. Defendants allege the only noted difference in these housing units is the lack of privacy provided by the type of cell door and the lack of a private television. (Doc. No. 44-2, p. 7).

Plaintiff avers he was in the premier housing unit at GSP for four (4) years without incident before he was "abruptly and intentionally transferred to a housing unit which exposed [him] to [an] unreasonable risk of irreparable injury to his current and future health[.]" (Doc. No. 53, p. 3). Plaintiff contends his exposure to ETS exacerbates his pre-existing chronic conditions of asthma, hypertension, and chronic sinus and allergy problems. Plaintiff also contends he was exposed to ETS while he was housed in the premier housing unit, but his exposure was not at the extremely high levels he was exposed to after he was transferred. Plaintiff further contends he told all of the Defendants about his medical conditions and the effect his exposure to ETS had on those conditions. Plaintiff also contends all of the Defendants were deliberately

indifferent to his serious medical needs and did nothing to alleviate his exposure to ETS.

The Supreme Court has held that "a cause of action exists under the Eighth Amendment when a prisoner alleges that officials have, with deliberate indifference, exposed him to levels of environmental tobacco smoke that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993). Helling requires both exposure to unreasonably high levels of environmental tobacco smoke and actual or constructive knowledge of the exposure by prison officials. Id.

Plaintiff has sufficiently stated a cause of action under the Eighth Amendment. Based on the pleadings before the Court, Plaintiff has alleged: 1) he has been exposed to certain levels of ETS, 2) which pose an unreasonable risk to his future health, 3) by exacerbating chronic medical conditions from which he suffers, and 4) he told all of the Defendants about his exposure to ETS and his medical conditions. This portion of Defendants' Motion is without merit.

## III.   Vicarious Liability

Defendants contend Plaintiff does not allege any specific facts to support his claims that they are responsible for the smoking environment in which he was housed. Defendants assert Plaintiff's allegations against them amount to claims that they are vicariously liable for the acts of other inmates. Defendants also assert Plaintiff's "bare allegations are insufficient to establish a valid § 1983 claim because they are too vague for the Defendants to address or the Court to consider." (Doc. No. 44-2, p. 9).

Plaintiff avers Defendants failed to enforce the Department of Corrections' "no smoking" policy. Plaintiff also avers Defendants knew of his medical conditions and failed to abate the problem by ignoring his written and verbal requests for help.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

A review of Plaintiff's claims indicates he does not seek to hold any of the Defendants liable for alleged violations of his constitutional rights based on their supervisory positions. Plaintiff also does not seek to hold any of the Defendants liable for other inmates smoking. Plaintiff's Eighth Amendment claim is that Defendants were deliberately indifferent to his serious medical needs by allowing him to be exposed to certain levels of ETS, despite their knowledge of his chronic medical conditions. This portion of Defendants' Motion is without merit.

## IV.    Retaliation Claim

Defendants deny they retaliated against Plaintiff by failing to respond to his grievances and other complaints.  Defendants allege Plaintiff is unable to show a causal link between his alleged exposure to ETS and Defendants purportedly ignoring Plaintiff's complaint.  Defendants also allege that Plaintiff does not claim their behavior changed, only that his housing unit "was less accommodating with regard to privacy and entertainment."  (Doc. No. 44-2, p. 10).  Defendants further allege Plaintiff failed to state a time-frame for Defendants' alleged retaliatory actions.

Plaintiff contends his transfer to a different housing unit was "done maliciously and intentionally to oppress and retaliate against" him for being a "jailhouse lawyer, writ writer, and one who helps other prisoners file legal papers."  (Doc. No. 53, p. 3). Plaintiff also contends the time-frame of his retaliation claim is the same as the time-frame applicable to his other allegations.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right."  Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted).  Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech."  Id.  A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed a grievance concerning the conditions of his imprisonment."  Id.

Plaintiff alleges he filed grievances and lawsuits for himself and other prisoners, and, as a result, Defendants transferred him to another housing unit in response. Plaintiff's claims are sufficient, at this stage in the litigation of this case, to sustain a

retaliation claim against Defendants. This portion of Defendants' Motion also is without merit.

## V.    Qualified Immunity

Finally, Defendants assert they are entitled to protection from liability on Plaintiff's claims based on qualified immunity. Defendants aver it is undisputed that they were acting in their discretionary capacities as Georgia Department of Corrections' employees at the time of the events giving rise to Plaintiff's Complaint. Defendants allege Plaintiff's claims fail to allege violations of his constitutional rights. Defendants also allege that, assuming Plaintiff has established his constitutional rights were violated, they did not have fair warning their actions violated clearly established law. Plaintiff counters that Defendants are not entitled to qualified immunity, as his allegations establish Defendants violated his constitutional rights.

Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). A government official must first prove that he was acting within his discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority. Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1303 (11th Cir. 2006). Once the government official has shown he was acting within his discretionary authority, the

burden shifts to the Plaintiff to show that the Defendant is not entitled to qualified immunity. The Supreme Court has established a two-part test to determine the applicability of qualified immunity: First, the court must determine whether plaintiff's allegations, if true, establish a constitutional violation. Hope, 536 U.S. at 736. If, under the plaintiff's allegations, the defendants would have violated a constitutional right, then "the next, sequential step is to ask whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

For the reasons set forth in the preceding sections, this portion of Defendants' Motion is without merit. Accepting Plaintiff's allegations as true, he has stated colorable claims for relief based on Defendants' alleged violations of his clearly established constitutional rights. Thus, Defendants are not entitled to immunity from suit in their individual capacities.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **DENIED**.

SO REPORTED and **RECOMMENDED**, this ___14th___ day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE